**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kenneth Reed,            ) | No. CV 04-2755-PHX-JAT |
|                          ) |  |
| Petitioner,    ) | **ORDER** |
|                          ) |  |
| vs.                      ) |  |
|                          ) |  |
| Dora D. Schriro; et al., ) |  |
|                          ) |  |
| Respondents.   ) |  |
|                          ) |  |

On December 3, 2004, Petitioner filed the currently pending Petition for Writ of Habeas Corpus (Doc. #1). On April 18, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied ("R&R") (Doc. #21). Petitioner, through his counsel, filed objections to the Report and Recommendation (Doc. #24) and a Notice of Supplementation Authority (Doc. #25).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Because Petitioner filed objections in this case, the Court will review the objected-to portions of the R&R *de novo*.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

In this case, Petitioner raised nine claims. Petitioner objected to the Magistrate Judge's recommendation on each of the nine claims. The procedural history of Petitioner's case is recounted in the R&R. R&R at 1-7. The objections add additional information to those facts, but the Court finds the objections do not materially alter the facts and hereby accepts the factual and procedural history as recounted in the R&R.

**Claim 1 - Speedy Trial**

In the R&R, the Magistrate Judge recounts the law of exhaustion in habeas cases, dismissal without prejudice, procedural default, and excusing procedural default (cause and prejudice or actual innocence). R&R at 8-15. Petitioner does not dispute this recounting of

---

[1] Further, in applying "Federal law" the state courts need to act in accordance with only Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)("In attempting to answer [whether the state court applied Federal law in an objectively reasonable manner], the only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ("The ... statutory language makes clear ... that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.")."

1  the law governing habeas petitions in Federal court; and this Court hereby accepts this legal
2  analysis.

### Claim 1 - Speedy Trial

In the R&R, the Magistrate Judge concludes that Petitioner's speedy trial claim was not exhausted before the state courts, is procedurally defaulted, and that Petitioner has not shown cause and prejudice or actual innocence. R&R at 15-19. Petitioner objects and argues that he did exhaust this claim in state court. Objections at 5. Petitioner further argues that the state court's factual conclusions regarding this claim were so inaccurate that this Court should hold an evidentiary hearing and reach its own conclusions. Objections at 7.

As noted in the R&R, to exhaust in state court, the Petitioner must have raised his speedy trial claim as a federal claim, and not as, "a state claim that is analogous or closely similar to a federal claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). Petitioner argues he has met the requirements of exhaustion because in his *Anders* brief, Petitioner's counsel asked the Court of Appeals, "to search the record for fundamental error" and the Court of Appeals said, "[a]nd we have done so." Objections at 5. *Castillo* makes clear that the filing of a global request to review the record is insufficient for exhaustion. 399 F.3d at 999 ("Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).") Therefore, the Court does not find the above quoted language of the objections to be sufficient to find Plaintiff's speedy trial claim exhausted.

Next, Petitioner argues that because the Court of Appeals discussed the speedy trial issue in three paragraphs of its opinion, the claim must be exhausted. Objections at 5. This argument fails to address the conclusion of the R&R that the speedy trial issue was raised before the state courts and decided by the state court under state (not federal) law. R&R at 9. The Court agrees with the R&R that the speedy trial issue was presented under state law; and, therefore, any federal speedy trial issue was not exhausted before the state courts. Further, the Court agrees with the conclusion of the R&R that this claim is procedurally

defaulted and Petitioner has failed to show cause and prejudice or actual innocence.[2] Therefore, Petitioner's request for habeas relief based on his speedy trial claim will be denied.

Alternatively, even if the Court of Appeals treatment of the speedy trial issue was sufficient for this claim to have been exhausted, the claim fails on the merits.[3] Specifically, Petitioner was indicted on September 5, 1996, arraigned on October 18, 1996, and set for trial on December 18, 1996. The government moved for and received a continuance to January 9, 1997.[4] The trial court granted this continuance over Petitioner's objection. Petitioner's objection in this case is that the trial court and the court of appeals were both mistaken in accepting the government's proffered reasons for the continuance.

As indicated above, the Court must presume the correctness of the state court's factual findings regarding Petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). This presumption of correctness can be overcome if the state court's determination of the facts was unreasonable. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

---

[2] In the objections, Petitioner attempts to dispute the conclusion of the R&R wherein the R&R says, "Petitioner makes no argument that his procedural defaults should be excused on the basis of actual innocence." R&R at 19. Petitioner states that during his trial, he repeatedly proclaimed his innocence. Objections at 8 (lines 8-18). The Court finds that arguing during trial that one is innocent is insufficient to sustain an actual innocence exception in a habeas case.

[3] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

[4] There were additional continuances beyond this date, but they were all at Petitioner's request. Because these additional continuances were all at Petitioner's request, the Court finds they do not show a speedy trial violation. Moreover, even considering these continuances, the R&R concluded the pretrial delay did not result in a speedy trial violation. R&R at 14-18. The objections do not dispute this conclusion, but only the veracity of the government's reason for the continuance. The Court agrees with the conclusion of the R&R that applying the factors in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), there was no Sixth Amendment speedy trial violation.

1    In his objections, Petitioner argues that the government's stated reason for a
2 continuance, to give defendant/Petitioner more time to prepare for trial, is not credible.
3 Objections at 6-8. Nonetheless, both the trial court and the Court of Appeals accepted this
4 reason as true. Given Petitioner's repeated complaints alleging his lack of access to
5 materials, this Court cannot say it was an unreasonable determination of the facts for the trial
6 court to find that Defendant needed more than to prepare for trial. Trial courts are in difficult
7 positions when a person who chooses to represent himself claims that they have not been
8 given access to sufficient materials to represent themselves. In this case, the Government
9 moved, and the trial court agreed, that Petitioner needed more time to prepared for trial. This
10 Court cannot substitute it's judgment for the state court's judgment.

11    Finally, even if this Court were to hold an evidentiary hearing as Petitioner has
12 requested and find that the Government, trial court, and state Court of Appeals were all in
13 error in finding Defendant needed additional time to prepare for trial, this claim fails on the
14 merits. As discussed in the R&R and in footnote 4 above, there was no speedy trial violation
15 in this case. As noted in the R&R, there are four factors the court should consider in
16 determining whether there has been a speedy trial violation. R&R at 14-15; *Barker v. Wingo*,
17 407 U.S. 514, 530 (1972). The Court must consider: 1) the length of the pretrial delay; 2)
18 the reason for the delay; 3) whether defendant asserted his speedy trial right; and 4) prejudice
19 to the defendant. *Id.*

20    First, as to the length of the delay, between the indictment and the trial, approximately
21 9 months elapsed. Of that time, six months of continuances were at Petitioner's request.
22 Petitioner argues all of that time should, nonetheless, be charged against the government
23 because the government disclosed additional materials between the first trial date and the
24 second trial date that caused Petitioner to move for the subsequent continuances. The Court
25 disagrees with Petitioner that all of Petitioner's continuances should weigh in Petitioner's
26 favor in a speedy trial analysis. However, even if such continuances could count against the
27 government, the Court does not find the length of delay in this case to be long enough to
28 weigh in Petitioner's favor. *See e.g. Doggett v. U.S.*, 505 U.S. 647, 652 (1992) (8.5 year

1 delay); *U.S. v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003) (22 month delay not excessively
2 long); *U.S. v. Tahn Huu Lam,* 251 F.3d 852, 856 (9th Cir. 2001) (15 month delay only
3 weighted slightly in defendant's favor). Therefore, this factor does not weigh in Petitioner's
4 favor.

5       Second, as to the reason for the delay, it is undisputed that the majority of the time
6 was at Petitioner's request to give Petitioner time to prepare for trial. While Petitioner claims
7 this time was all necessitated by the government's first continuance, as indicated above, the
8 Court disagrees that Petitioner can move for repeated continuances and then argue that the
9 granting of the continuances he sought violated his speedy trial rights. Thus, accepting
10 Petitioner's objection to the government's reason for the one month continuance, only one
11 month of continuance would count against the government. The Court does not find such
12 one month continuance to cause this factor to weigh in Petitioner's favor.

13       Third, Petitioner asserted his desire to go to trial by objecting to the first continuance
14 and filing a motion on this issue on January 6, 1997.[5] Thereafter, all the continuance were
15 at Petitioner's request. Thus, the Court does not find that Petitioner asserted his right
16 sufficiently for this factor to weigh in his favor.

17       Fourth, Petitioner claims he can show actual prejudice from the continuance because
18 during the period of the first continuance the government took additional steps to prepare its
19 case. This Court cannot conclude that, had there been no continuance, the Defendant would
20 have been acquitted due to the government's lack of prior preparation. Therefore, the Court
21 finds this factor also does not weigh in Petitioner's favor.

22       Thus, the Court agrees with the R&R that a habeas court cannot reach this claim
23 because it has not been exhausted. Alternatively, the Court finds that even if this claim had
24 been exhausted, the state court's determination of the facts was not unreasonable, and this
25 Court must defer to those findings. And, as a second alternative, even if this Court reached

---

[5] Notably, as discussed above, this issue was not framed in terms of a Federal Sixth Amendment speedy trial claim.

- 6 -

1  the merits of this claim, Petitioner cannot show a speedy trial violation. Accordingly, habeas
2  relief on this claim will be denied.

3  **Claim 2 - Right to Self-Representation**

4  Petitioner raises a claim of the denial of the right to self-representation in terms of his
5  lack of access to materials. In other words, Petitioner did proceed at trial representing
6  himself, but claimed that he could not fully represent himself because he did not have
7  adequate legal materials, lighting, supplies, or copying. The R&R concluded that the self-
8  representation claim (as presented in the Petition) was exhausted before the state court. No
9  one objected to this conclusion and the Court hereby accepts conclusion that Petitioner
10 exhausted the self-representation claim.

11 Petitioner's claim regarding self-representation has two sub-parts. His first claim is
12 under the Sixth Amendment. In the R&R, the Magistrate Judge concludes that while the law
13 is clearly established that a defendant can represent himself, the law is not clearly established
14 as to whether the right of self-representation includes a form of library access. R&R at 20-21
15 (citing *Kane v. Garcia Espitia*, 546 U.S. 9, - - -, 126 S.Ct. 407, 408 (2005)). Petitioner
16 objects and argues that the Ninth Circuit Court of Appeals case of *Milton v. Morris*, 767 F.2d
17 1443 (9th Cir. 1985) "should be, and will be, clearly established federal law." Objections at
18 15.

19 As indicated in footnote 1, this Court looks to only Supreme Court case law to
20 determine clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).
21 Therefore, the Court agrees with the R&R that whether self-representation includes library
22 access is an unsettled question of federal law. *Kane*, 546 U.S. at - - -, 126 S.Ct. at 408.
23 Similarly, the is no established federal law as to all of the parameters of self-representation.
24 As a result, this Court cannot say that the state court of appeals incorrectly applied clearly
25 established federal law. Accordingly, habeas relief on Petitioner's Sixth Amendment theory
26 will be denied.

27 In his objections, Petitioner reformulates this claim and argues for the first time that
28 the essence of this claim is that Petitioner's waiver of counsel was not knowing and voluntary

- 7 -

due to his lack of access to legal materials. Objections, page 11, n.3.[6] First, the Court finds it procedurally improper to raise a theory of habeas relief for the first time in the objections to the report and recommendation. Second, the Court has reviewed the record and cannot find that this claim was ever exhausted before the state courts. Further, at this time, this claim is procedurally defaulted. In the objections, Petitioner has not shown cause and prejudice or actual innocence; therefore, the Court will not reach the merits of this claim.

As the second sub-part of the self-representation claim, Petitioner argues that his Fifth and Fourteenth Amendment due process rights were violated by his lack of access to materials. This claim arises from the fact that for incarcerated persons to access to the courts, the inmates must have access to either adequate law libraries or adequate assistance from persons trained in the law. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). Relying on state law, the State Court of Appeals held that the access to advisory counsel or counsel satisfies the access to the courts requirement of *Bounds* with or without library access. Answer to habeas petition, Exhibit C, page 10 (Court of Appeals memorandum decision citing *State v. Murray*, 906 P.2d 546, 561 (1995)).

In his objections, Petitioner has failed to show how the Court of Appeals application of *Murray* was contrary to or an unreasonable application of clearly established federal law. Further, it is undisputed that Petition had advisory counsel throughout his case.[7] Thus, the Court finds that habeas relief on this basis will also be denied.

---

[6] Petitioner offers no citation for his theory that a defendant must be able to do independent legal research before deciding whether to accept or decline counsel, and if the defendant cannot do this research, the defendant should be forced to accept counsel.

[7] Additionally, the Court accepts the conclusion of the R&R that Petitioner cannot show actual injury as required under *Lewis v. Casey*, 518 U.S. 343, 349 (1996). R&R at 21-22. Notably, however, because *Lewis* was a case involving a prisoner civil rights complaint, it did not establish any federal law in a circumstance where appointment of counsel and/or advisory counsel were available.

- 8 -

**Claim 3 - Prior Bad Acts Evidence**

Petitioner's third ground for habeas relief is that evidence of his prior acts was improperly admitted at trial. The R&R concludes that this claim was exhausted before the state court. No one objected to this conclusion and the Court hereby accepts the conclusion that Petitioner exhausted his prior bad acts claim.

Petitioner claims error due to the fact that evidence of his assault on his wife and his robbery of a Best Buy store were admitted in his trial that is the subject of this habeas petition (robbery of the Loomis truck). The R&R assumes without deciding that the admission of the evidence was an error of constitutional magnitude, but concludes that (if error) it was harmless. R&R at 23-24. In his objections, Petitioner does not dispute that harmless error review is the correct legal framework, but argues that the error was not harmless. Objections at 15-16.

The Court of Appeals concluded that the any error in the admission of the prior bad acts evidence was harmless because there was otherwise strong evidence of Petitioner's guilt. Petitioner argues that there was not strong evidence of guilt, or that there would not have been had an alibi witness been called by the defense. This Court finds that the states court's analysis was not contrary to or an unreasonable application of clearly established federal law. Therefore, habeas relief on this claim will be denied.

**Count 4 - Impeachment by a Prior Conviction**

Next Petitioner claims that he did not testify at trial due to his fear of being impeached by his prior convictions. The R&R concludes that this issue was exhausted before the state courts. There being no objections, the Court accepts this conclusion.

Petitioner did not testify at trial, so these convictions were never actually used to impeach him. However, Petitioner moved the trial court to have a hearing in which Petitioner would attack these convictions, and, if Petitioner prevailed in such hearing, he would then testify. The Court of Appeals determined that any error of the trial court in this regard was harmless. This Court finds that the Court of Appeals's determination was not

1  contrary to or an unreasonable application of clearly established federal law.[8]  Therefore,
2  habeas relief on this claim will be denied.

3  In his objections, Petitioner cites to reasons why the convictions might not have been
4  admissible under state law. Objections at 16-18. The Supreme Court has "stated many times
5  that federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502
6  U.S. 62, 67 (1991) (internal quotation marks omitted). Accordingly, to the extent that
7  Petitioner asserts errors of state law or procedure, his objections are overruled.

**Claim 5 - Sentencing**

In claim 5, Petitioner argues that his sentence is excessive because his consecutive sentences are for the same activity (conspiring to commit armed robbery and committing armed robbery). Petitioner exhausted this claim before the state courts. In its memorandum decision, citing state law, the Court of Appeals concluded that consecutive sentences for conspiracy and the offense itself were not improper. Answer to habeas petition, Exhibit C, page 16, (Court of Appeals memorandum decision). In his objections, Petitioner fails to show (or argue) that the Court or Appeals decision was contrary to or an unreasonable application of clearly established federal law. Therefore, this Court accepts the recommendation of the R&R that habeas relief on this theory be denied.

With regard to his sentencing, Petitioner also argues that his sentencing (in which the trial judge found certain aggravating factors) violated *Apprendi* (*v. New Jersey*, 530 U.S. 466, 490 (2000)). The R&R concludes and Petitioner concedes that *Apprendi* and its progeny do not apply retroactively to cases that were not on direct appeal at the time *Apprendi* was decided.

However, in his objections, and his notice of supplemental authority, Petitioner argues that *Jones v. United States*, 526 U.S. 227 (1999) was decided while Petitioner's case was still on direct appeal and that *Jones*, not *Apprendi*, is the case that announced the rule that factors

---

[8] Additionally, on the merits, to preserve a claim of improper impeachment, the defendant must testify. *See Luce v. U.S.*, 469 U.S. 38, 43 (1984). In this case, Petitioner did not testify at his state trial, so this claim was not preserved.

that affect sentencing must be sent to the jury. Thus, Petitioner argues, he should be entitled to re-sentencing based on *Jones*.

In *Cunningham v. California*, 2007 WL 135687 (January 22, 2007), the Supreme Court stated,

> In *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), we examined the Sixth Amendment's historical and doctrinal foundations, and recognized that judicial factfinding operating to increase a defendant's otherwise maximum punishment posed a grave constitutional question. *Id.*, at 239-252, 119 S.Ct. 1215. While the Court construed the statute at issue to avoid the question, the *Jones* opinion presaged our decision, some 15 months later, in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

*Cummingham*, 2007 WL 135687 *7.

Petitioner argues that based on this language, *Jones* is the relevant case and date to look to in determining which defendants fall under the change in sentencing without the change being considered retroactive. By the Supreme Court's own language in *Cunningham*, however, the Court made clear that this issue was not decided in the *Jones* case. *Cummingham*, 2007 WL 135687 *7. Therefore, this Court continues to find the decision in the *Apprendi* case to be the date after which the direct appeal must still be pending for the challenge to not be considered to be collateral. Further, because Petitioner's direct appeal was not pending when *Apprendi* was decided, this Court finds Petitioner's challenge to be a collateral challenge. Finally, this Court agrees with the conclusion of the R&R that *Apprendi* challenges are not available on habeas review. R&R at 26. Therefore, relief on this claim will be denied.

**Claim 6 - Pre-Indictment Delay**

Petitioner's sixth claim for habeas relief is that he suffered pre-indictment delay in this case that should entitle him to habeas relief. The R&R concludes that this claim was exhausted before the state court, and, there being no objections, this Court accepts this conclusion. The R&R then discusses that there is a split in the circuits as to whether a claimant seeking relief for pre-indictment delay (that does not violate the applicable statute of limitations) must show an improper motivation of the part of the government. R&R at 27-

- 11 -

1  29. The R&R notes that the Ninth Circuit does not have improper motivation as an element. *Id.* at 28 citing *U.S. v. Mays*, 549 F.2d 670, 676-78 (9th Cir. 1997).

The R&R further notes that in Petitioner's case, the Arizona Court of Appeals applied a test for pre-indictment delay which required a showing of a harassing motive on the government's part before relief under the Due Process cause would be appropriate. *Id.* at 27-28. This test, requiring some improper motivation for the delay by the government, is similar to the test in the Fifth Circuit. *Id.* at 28-29 (citing *U.S. v. Crouch*, 84 F.3d 1497, 1510 (5th Cir. 1996)). Finally, the R&R notes that the Supreme Court has specifically declined to formulate a test for when pre-indictment delay violates the due process clause. *Id.* at 28 (citing *U.S. v. Lovasco*, 431 U.S. 783, 797 (1977)).

Applying the test requiring bad motivation from the government, the Arizona Court of Appeals concluded that there was no evidence of a harassing motive in Petitioner's case, and, therefore, found no due process violation. The R&R concludes that the Arizona court's decision was not contrary to or an unreasonable application of federal law as determined by the Supreme Court because the Supreme Court has not set forth a test in this area.

In his objections, Petitioner suggests that this Court create some clearly established federal law in this area. Objections at 24. ("The magistrate judge further goes on to state that in *U.S. v. Lovasco*, 431 U.S. 783, 789 (1977), the Supreme Court noted that few courts had yet reached the question of, 'the constitutional significance of various reasons for delay,' and thus left it to the lower courts to resolve those issues over time. Well, that time is now.") Petitioner's suggestion, however, is procedurally improper in a habeas case. On habeas, this Court is not a court of first impression, and must defer to the state court's ruling unless such ruling was contrary to or an unreasonable application of clearly established federal law. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Therefore, this Court will not consider the merits of Petitioner's claim under current Ninth Circuit standards to determine whether the claim has merit. Accordingly, because this Court agrees with the R&R that the state court's decision did not rule afoul of federal law as clearly established by the Supreme Court, habeas relief on this claim will be denied.

In his objections, Petitioner appears to offer an alternative argument that, even if this Court is to apply the law as announced by the Arizona Court of Appeals (specifically requiring a harassing motive for delay on the part of the government), this Court should conduct an evidentiary hearing to determine whether the state court's conclusion that there was no harassing motive was an unreasonable determination of the facts. *See* Objections at 25. In *Williams*, the Supreme Court held that under 28 U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary hearing if he presents a "meritorious claim" and he exercised reasonable diligence in developing the factual record in the state proceedings. *Williams v. Taylor*, 529 U.S. 362, 434-37 (2000). A petitioner exercises the diligence necessary to preserve a claim if "the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

Thus, in order to qualify for an evidentiary hearing, Petitioner must both: "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005) (rev'd on other grounds *Ayers v. Belmontes*, 127 S.Ct. 469 (2006)). Having reviewed the state court record, this Court has not located, nor has Petitioner cited, any point wherein Petitioner sought to litigate the government's motivation for delay before the state courts. In fact, in his post-trial motion on pre-indictment delay, Petitioner submitted the motion to the court "on a stipulated set of facts." Answer to habeas petition, Exhibit N, page 9. Therefore, this Court cannot conclude that Petitioner exercised reasonable diligence to obtain an evidentiary hearing in state court and preserve this claim. *See Williams*, 529 U.S. at 435. Therefore, this Court will not conduct an evidentiary hearing on this claim and relief as to this claim will be denied.

### Claim 7 - Ineffective Assistance of Appellate Counsel

Petitioner's seventh claim for relief is that his appellate counsel was ineffective because he filed an *Anders* brief without fully reviewing the record. Because there are no objections, this Court accepts the R&R's conclusion that this claim was exhausted before the state courts. The R&R, after discussing the standard for ineffective assistance of counsel

- 13 -

1   under *Strickland v. Washington*, 466 U.S. 668 (1984), concludes that Petitioner has failed to
2   show that his appellate counsel was ineffective. R&R at 30-31.

3   In his objections, Petitioner suggest that filing an *Anders* brief was insufficient
4   because there were issues in the record that could have been argued on appeal and that
5   appellate counsel did not review the entire record. This argument is insufficient to meet
6   Petitioner's burden of showing both that counsel's performance was deficient, and that the
7   deficiency prejudiced the defense. Accordingly, the state court's determination that appellate
8   counsel was not ineffective was not contrary to or an unreasonable application of federal law.
9   *See* Answer to Habeas Petition, Exhibit N, pages 10-11.

10  Additionally, Petitioner argues that had appellate counsel moved for continuances he
11  may have been able to push back the ultimate ruling on Petitioner's case until after *Apprendi*
12  was decided. The Court does not find counsel failing to seek what counsel deemed to be
13  unnecessary continuances to delay the case proper, much less to meet the *Strickland* standard
14  for ineffective assistance.[9] Therefore, habeas relief on this claim will be denied.

**Ineffective Assistance of Counsel at Arraignment**

16  The R&R concludes, and no one objects, that the ineffective assistance of counsel at
17  arraignment claim has been exhausted. Thus, this Court accepts this conclusion. The state
18  court found that this claim lacked merit because Petitioner could not show prejudice as
19  required by *Strickland*. Answer to habeas petition, Exhibit N, pages 8-9. Petitioner claims
20  he suffered prejudice because his counsel made an appearance for him at arraignment without
21  speaking with him in advance and counsel waived the reading of the indictment and the
22  reading of Petitioner's rights. Petitioner did not wish to waive these rights, so he discharged
23  counsel. Petitioner argues that these actions by counsel forced Petitioner to forgo counsel.
24  The state court found no prejudice because, even after arraignment, Petitioner was repeatedly

---

[9] Moreover, counsel could not have predicted when *Apprendi* would be decided, not could counsel have known the holding.

- 14 -

1 offered counsel and chose to proceed in representing himself; thus, the state court concluded
2 that Petitioner was not forced to proceed without counsel. *Id.*

3 This Court finds that the state court's ruling is not contrary to or an unreasonable
4 application of clearly established federal law. Moreover, the Court agrees that because
5 Petitioner could have changed his mind and accepted counsel at any time, his disagreement
6 with counsel at arraignment did not force him to proceed through the entire case without
7 counsel.

8 In his objections, Petitioner also argues that counsel was ineffective for not demanding
9 to go to trial immediately. Objections at 28. This Court agrees with the R&R that whether
10 counsel, if counsel would have stayed, would have been prepared to or chosen to go forward
11 with an "immediate" trial date is a tactical decision and such tactical decisions cannot form
12 the basis of habeas relief for ineffective assistance. R&R at 33. Accordingly, this objection
13 is also overruled and habeas relief on this claim will be denied.

14 **Claim 9 - Record on Appeal**

15 Petitioner argues that the Court of Appeals did not have a full record before it during
16 Petitioner's direct appeal and that the lack of a record is grounds for habeas relief. In the
17 R&R, the Magistrate Judge concludes that Petitioner raised this claim in his post-conviction
18 relief petition, that the trial judge found that this claim was required to be raised before the
19 State Supreme Court, that the claim was defaulted by not raising it to the State Supreme
20 Court, and that the trial court denied relief on that basis. R&R at 33-35. The R&R then
21 concludes that the state's procedural rule used to find the claim defaulted was adequate and
22 independent, therefore, the claim is procedurally defaulted in this Court. *Id.* Finally, the
23 R&R addressed Petitioner's contention that the failure to raise this issue to the state supreme
24 court was ineffective assistance of counsel, and the R&R concludes that there was no right
25 to counsel in a petition to the supreme court, therefore, there could not be ineffective
26 assistance of counsel in this phase of the case. *Id.* Further, the R&R concludes that this
27 particular theory of ineffective assistance of counsel has never been exhausted before the
28 state courts, is procedurally defaulted, and is not properly before this Court. *Id.*

1 In his objections, Petitioner does not object to any of these conclusions. This Court agrees with the conclusions of the R&R and accepts the recommendation that habeas relief be denied on this claim. In the objections on this claim, Petitioner reargues his theory of ineffective assistance of counsel before the state court of appeals. This Court has already addressed that theory of ineffective assistance of counsel above, and continues to find that any alleged errors of appellate counsel do not met the *Strickland* standard for granting relief. Therefore, habeas relief on this basis will be denied.

**Based on the foregoing,**

**IT IS ORDERED** that the Report and Recommendation (Doc. #21) is accepted and adopted as specified above, the objections (Doc. #24) as supplemented (Doc. #25) are overruled; the Petition for Writ of Habeas Corpus is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

DATED this 14th day of February, 2007.

/s/ James A. Teilborg
United States District Judge