**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W. Reed,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 04-2755-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner Kenneth W. Reed's Motion for Relief from Judgment (Doc. # 41). Respondents have filed a Response (Doc. # 42), and Petitioner has filed a Reply (Doc. # 46).[1] The Court has reviewed the parties' filings and now denies Petitioner's Motion.

## I. BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus (Doc. # 1) with this Court on Dec. 3, 2004. This Court denied the Petition on Feb. 15, 2007 (Doc. # 26), and Petitioner subsequently appealed the decision to the Ninth Circuit Court of Appeals. On Aug. 28, 2008, the appeals court affirmed this Court's denial of the Petition (Doc. # 36, Attachment # 1). The appeals court then denied Petitioner's petition for rehearing *en banc* on March 13, 2009

---

[1] The Court notes that Petitioner's Reply was received after the ordered deadline. However, after reviewing Petitioner's Motion for Extension of Time (Doc. # 45), the Court now grants that Motion and accepts the Reply as timely filed.

and issued its final mandate on this matter on March 24, 2009 (Doc. # 40). Petitioner filed his present Motion with this Court on May 6, 2009.

In his Motion, Petitioner seeks relief from this Court's Order denying his Habeas Petition. Petitioner argues that, pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6), relief should be granted because this Court "obtained by fraud" its judgment that Claim 9 of the Habeas Petition was procedurally defaulted.[2] (Doc. #41 at 1). Specifically, Petitioner alleges in his Motion the following:

> In his Answer to Petition for Writ of Habeas Corpus, but yet, *despite having attached the documentary evidence which proved otherwise*, the attorney who was representing the Respondents, Assistant Arizona Attorney General Jim. D. [Nielsen], misrepresented to this Court that the "Petitioner had a duty to raise the claim in his petition for review to the Arizona Supreme Court, but failed to do so;" whereupon, Mr. [Nielsen] went on to argue that the claim was procedurally defaulted.

(*Id.* at 9-10, emphasis in original, internal citation omitted). Petitioner further argues that his attorney, Philip A. Seplow, as well as Magistrate Judge Irwin, and this Court were complicit in this alleged fraud:

> The evidence against Mr. [Nielsen] is conclusive: Mr. [Nielsen] committed a fraud upon the Court. However, Petitioner's evidence against Mr. Seplow, Magistrate Judge Irwin, and District Court Judge Teilborg is not so direct: their complicity, to cover up this fraud, must be inferred from knowledge and acquiescence.

(*Id.* at 11).

## II. ANALYSIS

**A. Rule 60(b)(3)**

Rule 60(b)(3) states that "fraud . . . , misrepresentation, or misconduct by an opposing party" may serve as grounds for relief from a final judgment. To prevail on a motion under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."

---

[2] In Claim 9 of the Habeas Petition, Petitioner argued that relief should be granted on the grounds that the Arizona Court of Appeals did not have a full record before it during Petitioner's direct appeal.

*Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citing *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (citing *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987)). Furthermore, Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (citing *Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)). In the absence of fraud on the court, a motion under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment or order."[3] Rule 60(c)(1); *see* Rule 60(d)(3) ("This rule does not limit a court's power to . . . set aside a judgment for fraud on the court.").

Considering all frauds other than fraud on the court, here, Petitioner has failed to provide clear and convincing evidence that this Court's Order denying his Habeas Petition was obtained through fraud or misconduct by the Respondents or that Petitioner was unable to fully and fairly present his defense. Petitioner claims that Mr. Nielsen, an opposing party, engaged in fraudulent misconduct by arguing before this Court that Claim 9 of Petitioner's Habeas Petition was procedurally defaulted because Petitioner had failed to raise it in his petition to the Arizona Supreme Court. However, Petitioner presents no evidence in his Motion of any fraud; rather, he does nothing more than offer his opinion that Respondents' argument was not correct because Petitioner believes certain documentary evidence should have defeated such an argument. Petitioner's description in his Motion of Mr. Nielsen's alleged fraud also suggests that it could have been discovered through the due diligence of Petitioner's attorney, Magistrate Judge Irwin, and this Court. (Doc. # 41 at 11-12). However, allegations pertaining solely to incorrect judgments and lack of due diligence, as

---

[3] Fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Appling v. State Farm Mut. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (citation omitted). It requires a "grave miscarriage of justice." *Id.* (citation omitted).

described above, are not sufficient to support a motion brought under Rule 60(b)(3). *See De Saracho*, 206 F.3d at 880; *Casey*, 362 F.3d at 1260.

Finally, because Petitioner's Motion was filed more than a year after the judgment allegedly obtained by fraud, it is untimely under Rule 60(c)(1). Petitioner argues in his Reply that, under Rule 60(d)(3), his Motion is not subject to the one year limitation in Rule 60(c)(1) because of alleged fraud on the court.[4] However, Petitioner fails to provide evidence of any fraudulent conduct, let alone anything that rises to the level of fraud on the court. *See supra* note 3.

### B. Rule 60(b)(6)

Rule 60(b)(6) provides that relief from a final judgment may be granted for any reason "that justifies relief" other than those listed in 60(b)(1)-(5). Rule 60(b)(6) is thus a catch-all provision that "'has been used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Furthermore, "a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule." *Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir. 1989) (citation omitted). To prevail under Rule 60(b)(6), the moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Washington*, 394 F.3d at 1157 (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164,

---

[4] Petitioner also argues in his Reply that the time limitation in Rule 60(c)(1) is subject to tolling while it was on appeal and to equitable tolling because he failed to discover the alleged fraud until November, 2008. Both arguments are without merit. The Ninth Circuit has a procedure that allows district courts to entertain Rule 60(b) motions while a case is on appeal. *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007); *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Also, Petitioner has failed to provide any evidence to establish that he could not have discovered the alleged fraud at an earlier date.

1168 (9th Cir. 2002)). Finally, a motion under Rule 60(b)(6) "must be made within a reasonable time." Rule 60(c)(1).

Here, Petitioner's claims that Mr. Seplow, Magistrate Judge Irwin, and this Court participated in fraud fail under Rule 60(b)(6).[5] These claims all allege attempts to "cover up the fraud that was perpetuated by Mr. Nielsen." (Doc. # 41 at 12). However, since Petitioner failed to provide any evidence of Mr. Nielsen's alleged fraudulent conduct, *see* discussion *supra* Part A., the Court finds these additional allegations against Mr. Seplow, Magistrate Judge Irwin, and this Court are also without merit and certainly do not rise to the level of extraordinary circumstances.

Additionally, because these claims all stem from Petitioner's Rule 60(b)(3) claim of Mr. Nielsen's alleged fraud, the Court finds that a reasonable time for bringing these Rule 60(b)(6) claims, under Rule 60(c)(1), would closely correspond to the one-year limit that applies to Rule 60(b)(3) claims. Petitioner filed his Motion more than two years after the allegedly fraudulent judgment; thus, the Court finds that his Rule 60(b)(6) claims were not brought within a reasonable time, and are therefore barred.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Extension of Time to File a Reply (Doc. # 45) is **GRANTED** and the Clerk shall file Petitioner's lodged Reply (Doc. # 46).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief from Judgment (Doc. # 41) is **DENIED**.

DATED this 28th day of July, 2009.

James A. Teilborg
United States District Judge

---

[5] Because Petitioner's claim of fraud on the part of Mr. Nielsen, an opposing party, clearly fell under Rule 60(b)(3), it is precluded from consideration under Rule 60(b)(6). *See Molloy*, 878 F.2d at 316.